**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FELIX CORTIJO, | : | |
| Plaintiff, | : | Civil Action<br>06-3340 (SDW) |
| v. | : | **O R D E R** |
| ALT et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

>   FELIX CORTIJO, #424349/542174C
>   Northern State Prison
>   Newark, New Jersey 07114

**Susan D. Wigenton, District Judge**

    On July 17, 2006, Plaintiff FELIX CORTIJO (hereinafter "Plaintiff"), currently confined at the Northern State Prison, Newark, New Jersey (hereinafter "Facility"), submitted for filing his complaint (hereinafter "Original Complaint") seeking to bring this action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Plaintiffs Complaint named the following parties as Defendants: Debra Alt (District Parole Supervisor), John D'Amico (Chairman of the State Parole Board), George Hayman (Acting Commissioner of Department of Corrections), and Lydell Sherrer (Administrator of the Facility). See Original Compl., caption.

Plaintiff alleged that he his arrest was wrongfully executed arrest on the basis of an improperly issued warrant. <u>See</u> Compl. § 4(b).

On July 28, 2006, this Court issued an order (hereinafter "July Order") in which this Court: (1) explained that, under the holding of <u>Berg v. County of Allegheny</u>, 219 F.3d 261 (3d Cir. 2000), a plaintiff's seeking a remedy on the basis of a wrongfully executed warrant could get relieve if, and only if, the plaintiff asserts facts indicating that the warrant was issued or executed with intent to cause a wrongful arrest; and (2) dismissed Plaintiff's charges without prejudice granting Plaintiff leave to amend his Original Complaint. <u>See</u> Docket Entry No. 2.

On September 19, 2006, Plaintiff submitted his amended Complaint (hereinafter "Complaint"). <u>See</u> Docket Entry No. 4. The Complaint presents a cumbersome listing of events in a convoluted fashion and includes fourteen exhibits, redacted by Plaintiff, as Plaintiff saw fit, in order to prevent this Court from examining these exhibits in their entirety. <u>See</u> <u>id.</u> This Court surmises, from these convoluted and redacted submissions, that Plaintiff now alleges the following facts. On September 24, 2005, Plaintiff was arrested in the Bronx, New York, while Plaintiff was on parole in the state of New Jersey (on the basis of a preceding conviction ensuing from an offense committed by Plaintiff in the state of New Jersey) and, in addition, on parole in the state of New York (on the basis of another preceding conviction ensuing from another

offense committed by Plaintiff in the state of New York). Although

the September 24, 2005, arrest was initially made on the grounds of

grand larceny committed by Plaintiff against a certain victim,

these charges were dropped and Plaintiff was charged with domestic

violence against the victim (hereinafter "DV Charges"). See Compl.

at 1-4. Although Plaintiff was released on his own recognizance

with respect to these pending DV Charges, the state of New Jersey

issued a parole revocation warrant for Plaintiff's arrest on the

basis of Plaintiff's violation of parole (based on Plaintiff's

arrest and impermissible change of residence) causing Plaintiff's

arrest in New York and extradition to New Jersey on March 17 of

2006.[1] See id. Plaintiff's preliminary parole violation hearing

was held on July 7, 2006. See id. at 4. Plaintiff now seeks

release from his confinement[2] asserting that (1) the revocation of

his New Jersey (and, perhaps, New York) parole(s) was improper

because he was released on his own recognizance with respect to the

DV Charges; and (2) that his final parole revocation hearing in New

Jersey (and, perhaps, in New York) is unduly delayed in violation

of Plaintiff's right to a speedy trial. See Compl. at 4.

---

[1]
    A warrant for Plaintiff's arrest is outstanding in the state
of New York on the basis of Plaintiff's violation of parole and, in
addition, Plaintiff is still awaiting trial in New York on the
basis of the DV Charges. See Compl., Ex. F.

[2]
    Since Plaintiff's patchy submission leaves this Court to guess
whether Plaintiff also seeks monetary damages, see generally,
Compl., this Courts presumes and entertains such a claim.

**STANDARD OF REVIEW**

In 1996, Congress enacted the Prison Litigation Reform Act ("PARA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).   Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous."   Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).   A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.   However, in determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.   See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).   The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."   Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).   The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions."   Id.   Thus, "[a] pro se complaint may be dismissed for failure to

state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Under this standard, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## DISCUSSION

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To state a claim under § 1983, a plaintiff "must indicate: (1) of what constitutional or federal right he was deprived, and (2) how he was deprived of that right under color of state law." Gibson v. Superintendent of N.J. Dept. of Law and Public Safety, 411 F.3d 427, 433 (3d Cir. 2005); see also West v. Atkins, 487 U.S.

42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

"When evaluating a claim brought under § 1983, we must first 'identify the exact contours of the underlying right said to have been violated' in order to determine 'whether [plaintiff] has alleged a deprivation of a constitutional right at all." Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)); accord Gibson, 411 F.3d at 433 ("The first step in evaluating a § 1983 claim is to identify the specific constitutional right infringed"). The Court next determines whether the defendant can be held liable for that violation. Natale, 318 F.3d at 581; Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000).

Liberally construing Plaintiff's allegations, the Court reads the Complaint as asserting that Plaintiff's revocation of parole(s) and delay of final parole hearing deprived him of liberty in violation of due process of law.

A.   **Plaintiff's § 1983 Application Is Improper at this Juncture**

The exclusive federal remedy for an inmate challenging the fact of his confinement is a petition for a writ of habeas corpus which requires the exhaustion of state court remedies. See Preiser v. Rodriguez, 411 U.S. 475 (1973). "[W]hen a state prisoner is

challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser, 411 U.S. at 500; see also Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Brown v. Fauver, 819 F.2d 395 (3d Cir. 1987).

Moreover, to the extent that Plaintiff seeks monetary and injunctive relief other than release, his claims have not accrued because a favorable judgment would necessarily imply the invalidity of his revocation of parole. See Heck v. Humphrey, 512 U.S. 477 (1994).[3]  Where success in a plaintiff's § 1983 damages action would implicitly question the validity of confinement, the plaintiff must first achieve favorable termination of his available state, or federal habeas, opportunities in order to obtain relief under § 1983 the underlying decision to confine him. See Muhammad v. Close, 540 U.S. 749, 751 (2004).  Because federal habeas petitions may not be granted unless available state court remedies have been exhausted, see 28 U.S.C. § 2254(b)(1)(A), "conditioning the right to bring a § 1983 action on a favorable result in state

---

[3]  The Supreme Court held in Heck v. Humphrey, 512 U.S. 477 (1994), that an action under § 1983 seeking damages for allegedly unconstitutional conviction or incarceration is not cognizable under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-7.

litigation or federal habeas serve[s] the practical objective of preserving limitations on the availability of habeas remedies." Id.

Plaintiff's allegations in the instant Complaint do not indicate that his revocation of parole(s) has been overturned or invalidated in the state courts, or called into question by the issuance of a writ of habeas corpus. Thus, at this time, Plaintiff's challenge to his revocation of parole(s) is not cognizable under § 1983 and should be dismissed without prejudice. See Williams v. Consovoy, 453 F.3d 173 (3d Cir. June 29, 2006) (when parole was revoked due to an allegedly incorrect report, the parolee's 42 U.S.C. § 1983 civil rights claim was subject to dismissal without prejudice since the suit for damages was foreclosed by the holding of Heck v. Humphrey).

B.   **Plaintiff's Application Is Barred by the Abstention Doctrine**

The doctrine of abstention which has developed since Younger v. Harris, 401 U.S. 37, "espouse[s] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). "Younger abstention," as the Court's teaching is known, "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal

system." <u>Evans v. Court of Common Pleas, Delaware County, Pa.</u>, 959 F.2d 1227, 1234 (3d Cir. 1992), <u>cert. dismissed</u>, 506 U.S. 1089 (1993). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. <u>See</u> <u>id.</u>

The specific elements of the <u>Younger</u> abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." <u>Schall v. Joyce</u>, 885 F.2d 101, 106 (3d Cir. 1989). All three Younger criteria are met in the case at hand. First, Plaintiff's claims concern separate pending parole violation case(s). Second, based upon the fact that Plaintiff is attempting to raise issues concerning the validity of his arrest and incarceration, these parole violation proceedings clearly implicate important state interests. Third, the forums of the states of New Jersey and New York afford Plaintiff an adequate opportunity to raise his federal law issues, such as his key claims about arrest without a due warrant or violation of his right to a speedy trial.[4] <u>See</u> Compl. §§ 12-17.

Exceptions to the <u>Younger</u> doctrine exist where irreparable

---

[4]

Plaintiff has not asserted that he is unable to present his federal claims in his related state proceedings. Thus, this Court may assume that the state procedures will afford an adequate remedy. <u>See</u> <u>Kelm v. Hyatt</u>, 44 F.3d 415, 420 (6th Cir. 1995) (citing <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 17 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff.")

injury is "both great and immediate," Younger, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," id. at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." Id. at 54. These exceptions are to be narrowly construed. See Loftus v. Township of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa. 1991). Thus, "only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction . . . is federal injunctive relief against state prosecutions appropriate." Perez v. Ledesma, 401 U.S. 82, 85 (1971). Since it appears that the very facts of Plaintiff's September 24, 2005, arrest and Plaintiff's change of residence without due notice to parole supervising officials might have provided due grounds for revocation of Plaintiff's parole(s) regardless of Plaintiff's release on his own recognizance with respect to the pending DV Charges, this Court concludes that Plaintiff failed to assert any circumstances that would bring the case at bar within any of the narrow exceptions to the Younger doctrine.

Moreover, Plaintiff has requested injunctive relief that would clearly interfere with the pending state parole revocation proceedings. Dismissal of such a claim for relief is plainly warranted. Furthermore, if Plaintiff also seeks to recover

monetary relief in the form of compensatory and punitive damages.

The Court of Appeals for the Third Circuit has recognized that

claims for damages which would imply the invalidity of a conviction

on pending criminal charges are not cognizable.   See Smith v.

Holtz, 87 F.3d 108, 113 (3d Cir.1996).   As the Holtz Court made

clear:

> [Section] 1983 actions are subject to the "hoary
> principle" that civil tort actions are not the
> appropriate vehicle for challenging the validity of
> convictions and sentences.   The express objectives of
> this holding were to preserve consistency and finality,
> and to prevent "a collateral attack on [a] conviction
> through the vehicle of a civil suit."   . . .   We find
> that these concerns apply equally to claims that, if
> successful, would necessarily imply the invalidity of a
> future conviction on a pending criminal charge.   A claim
> by a defendant in an ongoing criminal prosecution which
> necessarily challenges the legality of a future
> conviction on pending criminal charge lies at the
> intersection of the federal habeas corpus statute and the
> Civil Rights Act of 1871.   If such a claim could proceed
> while criminal proceedings are ongoing, there would be a
> potential for inconsistent determinations in the civil
> and criminal cases and the criminal defendant would be
> able to collaterally attack the prosecution in a civil
> suit.

Holtz, 87 F.3d at 113 (emphasis removed).

Thus, dismissal of claims for monetary relief under federal

causes of action, which necessarily depend on the outcome of the

ongoing criminal cases, is both warranted and mandatory in view of

the Third Circuit's pronouncement.   Moreover, the Court in Guerro

v. Mulhearn, 498 F.2d 1249, 1254 (1st Cir. 1974), also squarely

addressed the issue of abstention where there exists an ongoing

state criminal proceeding, stating:

In any event, whatever cost to the litigant may be involved, there is an overriding cost that is avoided. Damage to the smooth operation of the administration of criminal justice, injury to the proper workings of a federal system, and undermining of congressional concern with the functioning of the writ of habeas corpus-all are harms which are prevented by the requirement that a civil rights damage action be deferred.

It would be indeed an improper interference with the pending state parole revocation proceedings if this Court were to award Plaintiff damages based upon his claim of constitutional rights violations.  The adjudication of Plaintiff's constitutional claims in this instant civil right action would require this Court to rule upon issues relevant to the disposition of the state parole violation charges, thereby impermissibly interfering in the pending state proceedings.  As explained in Clark v. Zimmerman, 394 F.Supp. 1166, 1174 (M.D. Pa. 1975):

To allow state criminal defendants to litigate their constitutional claims in civil rights suits for money damages before completion of the state criminal process would invite a flanking movement against the system of state courts by resort to the federal courts to litigate constitutional defenses in civil rights damage actions, thereby subverting the orderly functioning of the state criminal process.  Such suits would introduce an element of uncertainty in state criminal proceedings and would expose every state criminal justice system to insupportable disruption.

Accordingly, Plaintiff's claims with respect to the grounds for his arrest and incarceration should be dismissed without prejudice.  The application of the Younger doctrine of federal non-intrusion in the state process, along with the principle that constitutional issues relevant to the disposition of pending state

charges cannot be adjudicated in a federal civil rights damage action, necessitates dismissal of Plaintiff's claim.

## CONCLUSION

The Court grants Plaintiff's application to file the Complaint in forma pauperis and DISMISSES the Complaint WITHOUT PREJUDICE.

An appropriate order accompanies this Opinion.


                                    s/Susan D. Wigenton

                                    Susan D. Wigenton
                                    United States District Judge


Dated: Jan. 8, 2007